IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In Re:                                                                                     Chapter 7
Carlos Rey Ruz,                                                                 Case No. 20-16654-PGH
      Debtor.
_____/

**DEBTOR'S MOTION TO COMPEL TURNOVER, FOR CONTEMPT AND SANCTIONS FOR VIOLATIONS OF THE AUTOMATIC STAY PURSUANT TO SECTION 105(A) AND 362(K) AGAINST GREAT LAKES CREDIT UNION**
(Emergency hearing requested because Creditor towed away Debtor's vehicle which he uses for work.)

**COMES NOW,** the Debtor, Carlos Rey Ruz, by and through the undersigned counsel, and respectfully moves this Court pursuant to 11 USC §105(a) and 11 USC §362(k) for an Order Compelling Turnover, Holding Great Lakes Credit Union (hereinafter "Creditor") in Contempt and Issuing Sanctions for Violations of the Automatic Stay and would state as follows:

1. Debtor filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code in this Court on June 16, 2020.

2. On said date, the Automatic Stay was effective pursuant to 11 U.S.C. § 362(a)(3) under which "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is prohibited.

3. The Debtor works as a self-employed driver.

4. On Schedule A/B, the Debtor lists his vehicle as a 2013 Hyundai Sonata (herein "Car").

5. The Creditor was properly listed on the Debtor's Schedule D of his Petition [ECF#1].

6. The 341 meeting of creditors has not been heard yet since it is scheduled for July 16, 2020.

7. On or about the early morning hours on July 6, 2020, the Creditor repossessed the Car from the Debtor without any relief from stay being ordered.

8. The Debtor still had various belongings inside the car which has not been returned to the Debtor as of the filing of this Motion.

9. At noon on the date of this Motion, the undersigned contacted the Creditor to speak to someone in the bankruptcy department that could assist in the violation that transpired.

10. The only person in said department was Ms. Jovan Gilbert who was in the office at that time but had stepped away from her desk momentarily. The undersigned left a voicemail at noon and another at 4pm after the undersigned had not heard back from Ms. Gilbert.

11. The Debtor believed that he had a breathing spell under the automatic stay to still retain the car up until at least after the meeting of creditors or later so that he can make arrangements to surrender and obtain another vehicle to get by.

12. The Creditor's actions have led to the Debtor expending about $45 per day in transportation costs with Ubers and paying friends to get rides to and from places, which is continuing since the Debtor still does not have the use of his vehicle.

13. The Debtor is obligated to pay a reasonable fee and costs to undersigned counsel in bringing this Motion before the Court.

14. The Debtor is entitled to actual damages, including compensatory and attorney's fees and costs, as well as punitive damages, pursuant to 11 USC § 362(k) for the repossession after the automatic stay was entered as well as the refusal to return the Car.

**WHEREFORE**, the undersigned respectfully requests an Order directing the Creditor to 1) return the Car immediately so that the Debtor get by in the meantime, 2) cease all collection efforts on its claim, 3) award actual damages to compensate for the Debtor's expenditures during the time that the Creditor had and continues to have possession of the Car, 4) award attorney's fees and costs that are currently being expended to vindicate the Debtor's rights under the

Bankruptcy Code in this matter, 5) award punitive damages for the violation under 11 USC § 362(k) as the Court deems just, and any other relief this Court deems just and proper under the circumstances.

## **CERTIFICATE OF ADMISISON**

    **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

    Respectfully Submitted:
    ROBERT SANCHEZ, P.A.
    Attorney for Debtor
    355 W 49th Street
    Hialeah, FL 33012
    Tel. 305-687-8008

    By:/s/ Robert Sanchez_____
       Robert Sanchez, Esq., FBN#0442161